IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Stevens Aviation, Inc., | ) | C.A. No. 6:09-2314-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| DynCorp International LLC, and Science | ) | |
| Applications International Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Stevens Aviation, Inc.'s ("SAI") emergency motion for remand and emergency motion to expedite discovery. For the foregoing reasons, the court grants SAI's motion for remand and denies the motion to expedite discovery as moot.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a subcontract agreement entered into by SAI and Defendant DynCorp International LLC ("DynCorp"). SAI alleges that "[e]ffective October 6, 2000, DynCorp and [SAI] entered into a Subcontract Agreement" whereby SAI would "provide the management, repair, skilled labor, material, facilities and engineering data for the maintenance and repair of the U.S. Army's fleet of C-12/RC-12 and UC-35 aircraft ("Aircraft")." (Compl. ¶¶ 11, 13.) The "Subcontract Agreement specifically identified the work that [SAI] would perform on 'Aircraft' as including: strip and repaint work; aircraft condition inspections; maintenance work to replace conditions found to be defective during strip and repair work or aircraft condition inspections; and site organizational maintenance." (Id. ¶ 15.)

> The Subcontract Agreement commenced on October 6, 2000 and continued
> through January 31, 2001, plus nine "Option Years". The periods of the Option

1

>Years ran annually starting on the 1st day of February, 2001 and terminated on the next January 31. Under the terms of the Subcontract Agreement the Option Years were automatically extended by DynCorp, and accepted by [SAI] . . . .

(Id. ¶ 17.) The Subcontract Agreement "continues in full force and effect through January 31, 2010." (Id. ¶ 19.)

SAI filed suit against DynCorp and Defendant Science Applications International Corporation ("SAIC") in the Court of Common Pleas of Greenville County on August 24, 2009, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, and tortious interference with a contract. According to SAI, DynCorp has "divert[ed] Army RC/C-12 aircraft covered under the [Subcontract Agreement] to other aviation maintenance service entities for performance of strip and repaint work, aircraft condition inspections, maintenance work to replace conditions found to be defective during strip and repaint work or aircraft condition inspections, and site organizational maintenance" in breach of the Subcontract Agreement. (Compl. ¶ 23.)

According to the terms of the Subcontract Agreement, the "Subcontract will be construed and interpreted according to the federal common law of government contracts . . . [and] [t]o the extent that the federal common law of government contracts is not dispositive, the laws of the State of Texas shall apply." (Pl. Mot. Remand Ex. C-2 (Ex. 2 to Neal McGrail ("McGrail") Aff. (Subcontract Agreement 30)).) In addition, the final page of the Subcontract Agreement states in part that "[t]he validity, construction, scope and performance of this Subcontract [A]greement shall be governed by the laws of the State of Texas." (Id. at Ex. C-2 (Ex. 2 to McGrail Aff. (Subcontract Agreement 51)).)

DynCorp removed the case to federal court on August 31, 2009, pursuant to 28 U.S.C. § 1331. SAI filed an emergency motion to remand on September 1, 2009. DynCorp filed a response on September 8, 2009. SAI replied on September 9, 2009 and supplemented its reply on September 11, 2009.

## II. Discussion of the Law

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 "A case aris[es] under federal law within the meaning of [28 U.S.C.] § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 690 (2006) (internal quotation marks omitted).

Under the well-pleaded complaint rule, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc., 482 U.S. at 392. Thus, "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (internal quotation marks omitted). The burden of establishing federal jurisdiction is upon the party seeking removal. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). If there are doubts as to the court's jurisdiction, remand of the case is required pursuant to 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the

3

removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

SAI alleges three state law claims against Defendants–breach of contract, breach of duty of good faith, and tortious interference with a contract. The factual allegations that give rise to SAI's causes of action do not depend upon the resolution of a substantial question of federal law. DynCorp, however, argues that the Subcontract Agreement impacts national security because the "airworthiness of U.S. Army aircraft implicates national security and significant federal interests warranting application of federal common law." (Def. Resp. Opp'n Mot. Remand 11.) On the contrary, the Aircraft has little to no effect on SAI's causes of action and the pleadings fail to demonstrate that there are any material federal interests at stake in the instant litigation.[1]

Additionally, DynCorp alleges that a portion of the Subcontract Agreement gives rise to federal jurisdiction. Specifically, DynCorp alleges that federal common law controls the subcontract. (Id. at 6.) The court disagrees. The relevant portion of the Subcontract Agreement states, "this Subcontract will be construed and interpreted according to the federal common law of government contracts . . . [and] [t]o the extent that the federal common law of government contracts is not dispositive, the laws of the State of Texas shall apply." (Pl. Mot. Remand Ex. C-2 (Ex. 2 to McGrail Aff. (Subcontract Agreement 30)).) The last page of the Subcontract Agreement states, "[t]he validity, construction, scope and performance of this Subcontract

---

[1] To the extent that DynCorp alleges any potential defenses or counterclaims relating to the quality of SAI's work on the Aircraft, it is irrelevant in determining whether jurisdiction exists under § 1331. See Vaden, 129 S. Ct. at 1272 ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim.").

[A]greement shall be governed by the laws of the State of Texas." (Id. at Ex. C-2 (Ex. 2 to McGrail Aff. (Subcontract Agreement 51)).)

The United States Supreme Court has held that there are a "few areas, involving uniquely federal interests [that] are so committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary, by . . . federal common law." Boyle v. United Technologies Corp., 487 U.S. 500, 504 (1988) (internal quotation marks omitted). In order for federal common law to govern a case, however, the case must involve "uniquely federal interests" and a "significant conflict . . . between an identifiable federal policy or interest and the [operation] of state law." Id. at 507 (internal quotation marks omitted); see also Morgan County War Memorial Hosp. v. Baker, No. 07-1715, 2008 WL 4949141, at *7 (4th Cir. Nov. 19, 2008) ("[F]ederal jurisdiction may exist over the extremely small class of cases governed by federal common law, but only when the operation of state law would significantly conflict with uniquely federal interests."). Moreover, "[u]nless and until" a party "demonstrate[s] a significant conflict . . . between an identifiable federal policy or interest and the operation of state law . . . there is no cause to displace state law, much less to lodge [a] case in federal court." Empire Healthchoice, 547 U.S. at 693 (internal quotation marks and citations omitted).

Applying the well-pleaded complaint rule to the case at bar, the court finds that SAI's pleadings do not, on their face, reveal a federal question nor give rise to federal jurisdiction through the application of federal common law. Based on SAI's representations and the complaint, SAI has limited its claims to state law claims which fail to give rise to substantial

5

federal interests. Therefore, the court is without jurisdiction to consider this matter and a remand is necessary. The court also denies SAI's request for attorney fees and costs.

Therefore, it is

**ORDERED** that Plaintiff's emergency motion for remand, docket number 5, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas for Greenville County, South Carolina; it is also

**ORDERED** that Plaintiff's emergency motion for expedited discovery, docket number 14, is denied as moot.

**IT IS SO ORDERED.**

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
September 15, 2009